### A. B. PUGH v. C. T. BARTON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—822.]

**Consideration of Notes.**

Where a suit of ejectment is brought by the owner of land against one in possession claiming but having no title, and the claimant then purchases the land from the owner, giving his notes therefor, such notes are based upon a good consideration and the land may be subjected to their payment.

### APPEAL FROM PENDLETON CIRCUIT COURT.

May 15, 1886.

OPINION BY JUDGE LEWIS:

As every person suggested by appellees who might possibly have any interest in the notes sued on has appeared and disclaimed all right thereto, we think there can be no question of

appellant's title to them and right to maintain the action. We think it is also clear that neither of the two previous actions referred to in the answer presents a bar to recovery in this, for the judgment in both of them was without prejudice to the right of the holder of the notes to subsequently sue on them and subject the ten acres of land for which they were given.

The only question, therefore, necessary to consider is the alleged want of consideration. It appears that in 1849 A. B. Coleman sold and conveyed to Andren Coopenderfer a tract of one hundred acres of land described in the deed by metes and bounds, which was a part of a large tract of land containing upwards of forty thousand acres, a patent for which had been duly issued. In 1864 Coopenderfer conveyed to appellee, Judith Barton, his daughter, fifty acres of land, forty acres of which is in the boundary of the one hundred acres mentioned; but the other ten acres, appellant contends, is without that boundary, but a part of the same original survey, and a part of tracts purchased by his assignor, C. Duncan, of A. B. Coleman in 1860. In 1870 Duncan commenced an action of ejectment against appellees, Charles Barton and Judith Barton, husband and wife, to recover the ten acres. In October, 1870, during the pendency of that action, Charles Barton purchased the land in controversy from Duncan, accepted from him a deed therefor, and gave the notes sued on in this action for the purchase-money agreed on between them, and the action for the recovery of the land was dismissed by Duncan.

We think it is palpable that the ten acres in controversy were not included in the deed of 1849 from Coleman to Coopenderfer, and that the latter had no title thereto whatever in 1864 when he undertook to convey it as part of the fifty acres to his daughter, Judith Barton; but the title was in Duncan in virtue of the deed of 1860 from Coleman to him, for if there was even doubt of Duncan's title the purchase of the land from him by Charles Barton in 1870, pending the action for its recovery against himself and wife, would remove that doubt. The averment in the answer that Charles Barton was induced to purchase the land and execute the notes sued on by the representations of Duncan that he had title does not avail as a defense to this action, for Duncan brought his action to recover the land relying on his title, and it is not a reasonable supposition that a defendant to such an

action would be controlled by the plaintiff's representations of title, and moreover if made they would have been true.

It does not clearly appear when appellees took possession of the ten acres under the deed of 1864 from Coopenderfer, but there certainly was not any part of it actually inclosed more than two years before Duncan commenced the action to recover it in 1870.

It being in our opinion thus conclusively shown by the record that Duncan had a valid title to the ten acres of land when he commenced the action in 1870, and that if it had been prosecuted he would have inevitably recovered, we are at a loss to perceive upon what ground the plea of a want of consideration for the notes sued on in this action can be placed. It is impossible to avoid the conclusion that the notes were executed in consideration of the dismissal of the action of ejectment and the conveyance of the land by Duncan, whereby appellee, Charles Barton, was invested with a valid title which neither he nor his wife before had, and secured in the suit possession of which otherwise Duncan would have deprived both of them.

There can be no question of appellant's right to a personal judgment against Charles Barton, and we think the ten acres can be made subject to the satisfaction of it, for as the only claim which appellee, Judith Barton, had to the land when the action was commenced by Duncan in 1870 was denied from the deed of 1864 from her father, Coopenderfer, who had no title whatever himself, the effect of the dismissal of the action against her and her husband and the acceptance of the deed from Duncan was to invest the husband with the title and possession. Consequently it should be made subject to the payment of the notes given for the purchase-money.

Wherefore the judgment is *reversed* and cause remanded for judgment in accordance with this opinion.

*John H. Barker, for appellant.*

*Leslie T. Applegate, for appellees.*

[Cited, *Wright v. Bayless* (Ky.), 118 S. W. 918.]